RECEIVED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT 2013 SEP 16 AM 8: 37
FOR THE MIDDLE DISTRICT OF GEORGIA
_____MACON_____ DIVISION

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

MARQUISE ROBBINS #1000413667
ROBERT DENNIS #927784

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

SHEILA OUBRE, WARDEN
KEITH CARTER, CORRETIONAL OFFICER
A. DAVIS, CORRECTIONAL OFFICER, BADGE #208
SEBRINA GRANT, MENTAL HEALTH COUNSELOR

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO:

5:13-CV-348

## I. GENERAL INFORMATION

1. Your full name and prison number MARQUISE ROBBINS 1000413667
2. Name and location of prison where you are now confined BALDWIN STATE PRISON
3. Sentence you are now serving (how long?) 50 YEARS SERVE 25 YEARS
    (a) What were you convicted of? VOLUNTARY MANSLAUGHTER
    (b) Name and location of court which imposed sentence FULTON SUPERIOR COURT
    (c) When was sentence imposed? 8/12/10
    (d) Did you appeal your sentence and/or conviction?  Yes ✓  No ☐
    (e) What was the result of your appeal? PENDING HABEAS CORPUS PETITION

(f) Approximate date your sentence will be completed __NOV 16, 2033__

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

4. Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?
   Yes ☐   No ☑

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:
(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

  (a) Parties to the previous lawsuit INVOLVING SAME FACTS:

    Plaintiff(s):_____

    Defendant(s):_____

  (b) Name of Court:_____

  (c) Docket Number:_____ When did you file this lawsuit?_____

  (d) Name of judge assigned to case:_____

  (e) Is this case still pending?   Yes ☐   No ☐

  (f) If your answer to (e) is "No", when was it disposed of and what were the results?
    (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)
    _____

6. Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?   Yes ☐   No ☑

7. If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:
(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

  (a) Parties to the previous lawsuit:

    Plaintiff(s):_____

    Defendant(s):_____

  (b) Name of Court:_____

  (c) Docket Number:_____ When did you file this lawsuit?_____

  (d) Name of judge assigned to case:_____

  (e) Is this case still pending?   Yes ☐   No ☐

(f) If your answer to (e) is "No", when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_____

_____

8. AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?   Yes ☐   No ☑

If your answer is Yes, state the name of the court and docket number as to each case:

_____   _____

_____   _____

_____   _____

_____   _____

## III. PLACE OF INCIDENT COMPLAINED ABOUT

9. Where did the matters you complain about in this lawsuit take place? BALDWIN STATE PRISON, HARDWICK, GEORGIA 31034

(a) Does this institution have a grievance procedure?   Yes ☑   No ☐

(b) If your answer to question 9(a) is "Yes", answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
Yes ☑   No ☐

(2) If Yes, what was the result? FORMAL AND INFORMAL GRIEVANCE DENIED. FILED APPEAL TO DEPARTMENT OF CORRECTIONS AND NEVER RECIEVED ANY RESPONSE. THEREFORE ALL GRIEVANCE REQUIREMENTS HAVE BEEN EXHAUSTED. SEE ATTACHMENTS EXHIBIT "A" "B" "C".

(3) If No, explain why not: _____

_____

_____

_____

_____

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

I WROTE A LETTER TO THE WARDEN THROUGH THE INSTITUTIONAL MAIL SYSTEM ON 12-4-12 AT B.S.P. EXPLAINING MY SITUATION FULLY. (SEE ATTACHMENT EXHIBIT "D".)

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system?   Yes [✓]   No [ ]

(1) If Yes, to whom did you appeal and what was the result? I FILED AN APPEAL TO THE DEPARTMENT OF CORRECTIONS AND NEVER RECIEVED ANY RESPONSE. (SEE ATTACHMENTS "A", "B", "C").

(2) If No, explain why you did not appeal: _____

10. In what other institutions have been confined? Give dates of entry and exit.
NONE EXCEPT DIAGNOSTIC

## IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.
BALDWIN STATE PRISON, HARDWICK, GEORGIA 31034, P.O. BOX #218

12. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)
SHEILA OUBRE, WARDEN, BALDWIN STATE PRISON
KEITH CARTER, CORRECTIONAL OFFICER, BALDWIN STATE PRISON — BADGE #3060
A. DAVIS, CORRECTIONAL OFFICER, BALDWIN STATE PRISON — BADGE #2808
SEBRINA GRANT, MENTAL HEALTH COUNSELOR, BALDWIN STATE PRISON

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court <u>WHAT</u> you contend happened to you, <u>WHEN</u> the incident(s) you complain about occurred, <u>WHERE</u> the incident(s) took place, <u>HOW</u> your constitutional rights were violated, and <u>WHO</u> violated them? Describe how <u>each</u> defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE <u>REQUIRES</u> THAT PLEADINGS BE <u>SIMPLE</u>, <u>CONCISE</u>, and <u>DIRECT</u>! If the court needs additional information from you, you will be notified.

WHERE did the incident you are complaining about occur? That is, at what institution or institutions? **BALDWIN STATE PRISON HARDWICK, GEORGIA 31034**

WHEN do you allege this incident took place? **SEPTEMBER 1, 2012 AND NOV 6, 2012**

WHAT happened? **ON SEPT 1, 2012, BETWEEN THE HOURS OF 10 a.m. AND 12 NOON IN BUILDING "G" OF DORMITORY 2. OFFICER CARTER BADGE #3060, AND OFFICER DAVIS BADGE #2808 FAILED TO PROTECT PLAINTIFF MARQUISE ROBBINS FROM VIOLENCE AT THE HANDS OF OTHER PRISONERS.**

**AS A RESULT TO OFFICER CARTER AND OFFICER DAVIS FAILURE TO PROTECT ROBBINS WAS BRUTALLY BEATEN TO THE FACE AND BODY WITH HANDS AND FEET. PLAINTIFF SUFFERED SWELLING AND CLOSING OF BOTH EYES, AND PAIN TO THE BODY THAT REQUIRED MEDICAL ATTENTION AND HOSPITALIZATION.**

**AS THE ATTACK CONTINUED PLAINTIFF ROBBINS WAS MALICIOUSLY ASSAULTED SEXUALLY WITH A BROOMSTICK IN HIS ANAL AND TORTURED WITH 180° HOT WATER POURED ON HIS PENIS AND INNER THIGH AREA WHILE HIS HANDS AND FEET WAS TIED TOGETHER. THIS CAUSED ANAL INJURY AND SEVERE BURNS THAT REQUIRED MEDICAL ATTENTION AND HOSPITALIZATION. (SEE ATTACHMENTS) EXHIBIT "K" FOR MEDICAL RECORDS**

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

MELISSA REGISTER, DIRECTOR OF MENTAL HEALTH AND STEPHEN SLOAN HAS GIVEN WRITTEN STATEMENTS ABOUT CONFIDENTIAL INFORMANTS REPORTING MARQUISE ROBBINS SEXUAL ASSAULT. BOTH ARE APART OF THE MENTAL HEALTH STAFF AT BALDWIN STATE PRISON P.O. BOX #218 HARDWICK, GEORGIA 31034. FELICIA GARCIA RECIEVED CELLPHONE PICTURES OF MARQUISE ROBBINS ATTACK AND BRUISES (SEE ATTACHMENT)

15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

WHEREFORE PLAINTIFFS RESPECTFULLY PRAY THAT THIS COURT:
1. ASSUME JURISDICTION OVER THIS ACTION.
2. DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND UNDER THE CONSTITUTION AND LAWS OF GEORGIA.
3. ENTER JUDGEMENT IN FAVOR OF PLAINTIFFS ROBBINS AND DENNIS FOR COMPENSATORY AND PUNITIVE DAMAGES, AS ALLOWED BY LAW, AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY. (SEE ATTACHMENT FOR REST OF RELIEF).

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 11th day of SEPTEMBER, 2013.

*Marquise Robbins*
PLAINTIFF

(STATEMENT OF CLAIM CONTINUED)

PLAINTIFF ROBBINS ALSO SUFFERED FROM FACIAL AND BODY LACERATIONS THAT CAUSED PAIN IN FACIAL AND BODY AREA. THIS REQUIRED MEDICAL ATTENTION AND HOSPITALIZATION

MARQUISE ROBBINS MADE EVERY ATTEMPT TO WARN OFFICER CARTER AND OFFICER DAVIS WHO WERE THE DUTY OFFICER'S ASSIGNED TO BUILDING "G", DORMITORY 2 THAT HE FEARED FOR HIS LIFE.

BEFORE PLAINTIFF ROBBINS WAS ATTACKED AND TAKEN TO AN UPPER LEVEL BATHROOM OF DORMITORY 2, HE FELT A BAD VIBE AND RAN TO THE EXIT DOORWAY AND STARTED TO BANG ON THE PLEXIGLASS DOOR SCREAMING FOR HELP. THIS THE ONLY WAY A PRISONER CAN GET THE OFFICER'S ATTENTION IN THE DORMS OF G-BUILDING.

OFFICER CARTER AND OFFICER DAVIS OFFICE SITS IN THE MIDDLE OF THE FOUR DORMS OF G-BUILDING, AND THERE'S NO WAY A OFFICER CAN KNOW WHAT'S GOING ON IN THE DORMITORY UNLESS, THE PRISONER'S BANG ON THE DOOR FOR HELP.

OFFICER CARTER AND OFFICER DAVIS KNEW THAT THIS WAS THE ONLY WAY THAT PRISONER'S COULD GET THEIR ATTENTION INSIDE DORMITORY 2, AND OFFICER CARTER AND OFFICER DAVIS KNEW THAT DORMITORY 2 WAS KNOWN FOR PRISONER-ON-PRISONER VIOLENCE AND FORCING PRISONER'S TO EVACUATE FROM THE DORMITORY.

AFTER PLAINTIFF ROBBINS TRIED TO GET THE OFFICERS TO COME TO HIS AID OF ASSISTANCE, MARQUISE ROBBINS WAS GRABBED FROM BEHIND AND CARRIED BY A NUMBER OF PRISONERS TO AN UPPER LEVEL BATHROOM IN THE DORMITORY WHERE THE ASSAULT TOOK PLACE.

DURING THIS ATTACK PLAINTIFF ROBBINS SCREAMED FOR HELP CONTINUOUSLY, TRYING TO GET THE OFFICER'S TO SAVE HIM FROM HIS ATTACKERS.

THE ASSAULT LASTED FROM 30 MINUTES TO AN HOUR AND NEITHER OFFICER DAVIS OR OFFICER CARTER MADE ANY SECURITY ROUNDS TO MAKE SURE PRISONERS WERE SAFE OR ALIVE.

THE GANG OF PRISONER'S DECIDED TO STOP TORTURING PLAINTIFF ROBBINS BECAUSE ANOTHER PRISONER SAID HE HAD TO PREPARE FOR VISITATION AND DIDN'T WANT TO MISS HIS VISIT, AND MOVEMENT THROUGHOUT G-BUILDING WOULD SEASE WHERE A POSSIBLE INVESTIGATION WOULD PROBABLY FORCE HIM TO LOSE HIS VISITATION.

THE GANG OF PRISONER'S FORCED PLAINTIFF ROBBINS TO GET IN THE SHOWER TO WASH AWAY THE BLOOD PLAINTIFF WAS STARTING TO LOSE. WHILE PLAINTIFF WAS IN THE SHOWER THE GANG OF ATTACKERS CLEANED THE WALLS AND FLOOR OF THE BATHROOM WITH BLEACH TO HIDE ANY EVIDENCE OF AN ASSAULT.

AFTER MARQUISE ROBBINS SHOWERED HE WAS GIVEN SOME FRESH CLOTHES TO PUT ON AND ESCORTED BY TWO PRISONER'S TO THE EXIT DOORWAY BECAUSE PLAINTIFF ROBBINS EYES WERE CLOSED SHUT FROM THE BEATING.

ONCE PLAINTIFF ROBBINS WAS FINALLY OUT OF DORMITORY 2, OFFICER CARTER AND OFFICER DAVIS SAT MARQUISE ROBBINS INSIDE A STORAGE CLOSET UNTIL LT. STANLEY WAS ABLE TO ESCORT PLAINTIFF TO THE MEDICAL UNIT.

AFTER BEING ESCORTED TO THE MEDICAL UNIT BY LT. STANLEY, PLAINTIFF WAS TREATED AT THE HOSPITAL FOR PRONOUNCED SWELLING, CONTUSIONS, AND PAIN IN HIS BODY, HEAD, BACK, CHEST AND ALONG HIS RIBS. EXAMINATIONS AND X-RAYS WERE TAKEN FOR ANY BROKEN BONES OR FRACTURES. (SEE EXHIBIT "K")

Plaintiff Robbins informed defendant Warden, Sheila Oubre about the harm and pain that he suffered from the attack, through the prison grievance system on 9-9-12. Defendant Oubre responded to Plaintiff Robbins complaint on 10-17-12. The reply claimed that charges could not be substantiated and grievance should be closed.

As defendant Oubre oversee's the general operation of the prison. She is responsible under state law for the prisons general supervision and control.

Defendant Oubre knew that prisoner's were at risk of harm and has knowledge of an unacceptably dangerous prison enviorment due to the frequent shakedowns that took place in Building "G", Dormitory 2, and the multiple findings of cellphones, prison knives, and other forms of contraband.

Defendant Oubre knew that the level of violence in Building "G", Dormitory 2, was higher than the other dorms in Building "G" and none of the dorms in Building "G" had any surveilance of prisoner's where prisoner-on-prisoner violence was the norm and housed a majority of "close security" prisoner's.

Plaintiff Robbins had once heard defendant Oubre say from her own mouth, tell the prisoner's in Building "G", Dormitory 2 during inspection that: "Whoever the prisoners felt shouldnt be in the dormitory or feels is causing confrontation in the dorm—to put them on the door, but dont stab them."

This compliance from defendant Oubre with the prisoner's in the dormitory allowed the prisoner's to monitor and control the dorm with force.

AT ALL TIMES RELEVANT TO THE EVENTS DESCRIBED HEREIN THE ACTIONS AND OMISSIONS OF SHEILA OUBRE, KEITH CARTER, BADGE #3060, AND A. DAVIS, BADGE# 2808, HAVE BEEN TAKEN UNDER COLOR OF LAW, SHEILA OUBRE ACTED AS A FINAL POLICYMAKER OF BALDWIN STATE PRISON FOR THOSE ASPECTS OF PRISON OPERATION UNDER HER CONTROL.

## ASSAULT OF ROBERT DENNIS

ON AUGUST 7, 2012, BETWEEN THE HOURS OF 10 a.m. AND 11 a.m. ROBERT DENNIS WAS ATTACKED BY TWO PRISONERS WHO BROKE OUT OF THEIR CELL IN THE LOCKDOWN UNIT OF J-1.

ROBERT DENNIS SUFFERED (11) STAB WOUNDS FROM THE TWO PRISONERS AND WAS SENT TO THE HOSPITAL FOR MEDICAL TREATMENT. BEFORE HE RECIEVED THESE INJURIES ROBERT DENNIS INFORMED CAPTAIN SHERMAN MAINE THE SECURITY SUPERVISOR OF VALDOSTA STATE PRISON ABOUT BEING THREATENED BY OTHER PRISONER'S AND FEELING LIKE A "HIT" HAS BEEN TAKEN OUT ON HIS LIFE.

NOTHING WAS DONE TO ENSURE THAT ROBERT DENNIS WOULD BE SAFE FROM THE PHYSICAL HARM OF PRISONER'S.

DUE TO THE CORRUPTION OF THE STAFF AT VALDOSTA STATE PRISON ROBERT DENNIS ONLY TRUSTED HIS MENTAL HEALTH COUNSELOR, Ms. HUMPHRYS TO SHARE WHAT WAS TAKING PLACE AT THE PRISON.

MENTAL HEALTH COUNSELOR Ms. HUMPHRYS ASSURED ROBERT DENNIS THAT ALL THAT WAS EXPRESSED TO HER WOULD BE FORWARDED TO THE DIRECTOR OF MENTAL HEALTH, DAVE McCRACKEN, AND PLACE INSIDE HIS MENTAL HEALTH RECORDS FOR SAFETY PURPOSES. COPIES OF THE CORRESPONDENCE WITH ROBERT DENNIS WERE ALSO KEPT IN ROBERT DENNIS MENTAL HEALTH RECORDS.

About (30) days later, after Robert Dennis had been attacked at Valdosta State Prison, he was transferred to Baldwin State Prison on Nov 6, 2013.

During intake and processing Robert Dennis explained to intake officer, Ms. Spikes and clothing room officer, Mr. Blue that he wanted to be placed in a "faith based" dormitory to be away from the chaos and violence of the general population.

Both officers ignored what Robert Dennis was expressing to them about his fear of being housed in general population.

Afterwards Robert Dennis was taken to the mental health department of the prison for further processing. There he met Sebrina Grant, a mental health counselor who was responsible for processing Robert Dennis paperwork and assisting him with any mental health issue or problems he needed to discuss before entering general population.

Robert Dennis explains to Counselor Grant that he fears for his life and needs to speak to someone who could help him with being placed in a safe dormitory or protective custody.

Counselor Grant ignores Robert Dennis request for help and suggests for him to explain his situation to security. Robert Dennis explain to Counselor Grant that he doesn't feel comfortable or trust the "CERT team" because most are crooked and corrupted.

Robert Dennis showed Counselor Grant the two letters from mental health Counselor Humphrys when he was at Valdosta State Prison stating he should be housed somewhere safe or placed in protective custody.

AFTER READING THE TWO LETTERS COUNSELOR GRANT WAS TOLD BY ROBERT DENNIS THAT HE FELT HIS LIFE WAS IN DANGER AND THE CERT TEAM AT VALDOSTA STATE PRISON MAY BE RESPONSIBLE FOR HIM BEING ATTACKED BY GANG MEMBERS INSIDE A LOCKDOWN UNIT.

HE ALSO EXPRESSED TO COUNSELOR GRANT THAT DUE TO THE NUMBER OF CELL PHONES IN THE PRISON SYSTEM HE FELT THE "HIT" WAS FORWARDED TO GANG MEMBERS IN BALDWIN STATE PRISON.

INSTEAD OF CONTACTING SOMEONE WITH AUTHORITY THAT WOULD ATTEND TO THE NEED OF PROTECTION FROM OTHER PRISONER'S, COUNSELOR GRANT CALLED IN THE "CERT TEAM" WHO ROBERT DENNIS EXPLAINED HE DIDN'T TRUST.

CERT TEAM OFFICER WOODS ESCORTED ROBERT DENNIS TO THE CERT TEAM OFFICE WHERE CERT TEAM OFFICER TAYLOR, AND CERT TEAM OFFICER DUNCAN, WERE WAITING.

ROBERT DENNIS REPEATEDLY EXPRESSED TO THE THREE CERT TEAM OFFICERS THAT HE NEEDED TO BE PROTECTED AND WAS IN FEAR OF HIS LIFE.

THE CERT TEAM OFFICERS REFUSED TO HEAR WHAT ROBERT DENNIS HAD TO SAY AND REFUSED TO CONTACT SOMEONE WHO COULD AID AND ASSIST TO HIS URGENT NEED.

AS A RESULT ROBERT DENNIS WAS SENT TO GENERAL POPULATION IN BUILDING "M" DORMITORY 3. A WELL KNOWN DORMITORY FOR VIOLENCE AND PRISONER-ON-PRISONER ASSAULTS THAT WERE BRUTAL AND RESULTED IN PRISONER'S NEEDING HOSPITALIZATION.

BETWEEN 15 TO 20 MINUTES AFTER ENTERING THE DORMITORY OF M-3, ROBERT DENNIS WAS ATTACKED BY A GANG OF PRISONER'S WHO TIED ROBERT DENNIS LEGS AND HANDS TOGETHER.

THESE GANG MEMBERS CARRIED ROBERT DENNIS TO THE DORMITORY BATHROOM WHERE THEY INFLICTED SEVERE PAIN AGAINST ROBERT DENNIS BY TORTURING HIM WITH A BLINDFOLD OVER HIS EYES SO PRISONERS COULD BEAT HIM MERCILOUSLY.

ROBERT DENNIS WAS BEATEN FOR A HOUR TO TWO HOURS BY THESE GANG OF PRISONERS.

THE GANG OF PRISONERS HELD ROBERT DENNIS FOR RANSOM USING A CELLPHONE TO CALL ROBERT DENNIS' FAMILY AND FRIENDS SHOWING PICTURES OF THE BRUISES ROBERT DENNIS RECIEVED FROM THE ATTACK.

THEY MADE THREATS TO ROBERT DENNIS' FAMILY AND FRIENDS THAT THEY WANTED MONEY TO RELEASE HIM OR THEY WOULD CONTINUE THE BEATINGS AND KILL ROBERT DENNIS.

THROUGHOUT THE COURSE OF THIS BEATING ROBERT DENNIS SUFFERED A BROKEN NOSE, BROKEN HANDS, PAIN TO HIS CHEST, BACK, AND RIBS. THIS REQUIRED FOR ROBERT DENNIS TO BE TAKEN TO THE HOSPITAL.

THE GANG OF PRISONER'S RECIEVED $1,000 DOLLARS FROM ROBERT DENNIS GIRLFRIEND AT THE TIME, TO RELEASE HIM FROM THE ATTACKERS. THE MONEY WAS GIVEN TO THE PRISONER'S IN GREEN DOT MONEYPAK RELOADABLE CARDS OVER THE PHONE.

ONCE THE PRISONER'S RECIEVED THE MONEY FROM ROBERT DENNIS' GIRLFRIEND THEY UNTIED HIS RESTRAINTS AND ESCORTED HIM OUT OF THE DORMITORY.

THE OFFICERS WHO WORKED IN THE CONTROL BOOTH DIDN'T MAKE ANY ROUNDS OR SECURITY CHECKS TO MAKE SURE PRISONER'S WERE SAFE AND SECURED.

THERE WERE NO SURVEILANCE TO MONITOR ANY OF THE PRISONERS INSIDE BUILDING "M" WHICH HOUSE A MAJORITY OF CLOSE SECURITY PRISONERS.

THIS CONDITION OF THE PRISON MADE LIFE UNSAFE AND HARMFUL TO ROBERT DENNIS BASIC HUMAN NEEDS.

DEFENDANT OUBRE AS WELL AS DEFENDANT GRANT KNEW THAT THE LEVEL OF VIOLENCE IN BUILDING "M"-3 WAS HIGHER THAN THE OTHER DORMS IN BUILDING "M" AND WAS KNOWN AS "MURDER 3" AROUND THE PRISON.

DEFENDANT OUBRE AS WELL AS DEFENDANT GRANT KNEW THAT PRISONER'S WERE AT A SERIOUS RISK OF HARM AND HAS KNOWLEDGE OF AN UNACCEPTABLY DANGEROUS PRISON ENVIORNMENT DUE TO THE FREQUENT SHAKEDOWNS THAT TOOK PLACE IN BUILDING "M", DORMITORY 3, AND MULTIPLE FINDINGS OF CELLPHONES, PRISON KNIVES, AND OTHER FORMS OF CONTRABAND.

ROBERT DENNIS GRIEVED ABOUT THIS ATTACK HE SUFFERED THROUGH THE PRISON GRIEVANCE SYSTEM ON DEC 13, 2012, ONCE THE CAST WERE REMOVED FROM HIS BROKEN HANDS, THE WARDEN DENIED THE GRIEVANCE AND REPLIED THAT THE GRIEVANCE WAS OUT OF TIME EVEN THOUGH SHE KNEW ROBERT DENNIS HANDS WERE BROKEN.

WARDEN OUBRE REFUSED TO GIVE ROBERT DENNIS AN APPEAL FORM TO REDRESS HIS GRIEVANCE.

ON JAN 28, 2013, ROBERT DENNIS MADE A COMPLAINT TO THE DEPARTMENT OF CORRECTIONS COMMISSIONER, BRIAN OWENS AND THE OMBUDSMAN, SHEVONDAH FIELDS.

Both letters were delivered certified mail explaining how Warden Oubre refusing to allow Robert Dennis to redress his grievance and how he suffered multiple injuries from the attack in dormitory M-3 that prohibited him from using his hands to file his grievance on time that Warden Oubre was completely aware of.

Robert Dennis never recieved any response from the certified letter he mailed to Commissioner, Brian Owens, and Ombudsman, Shevondah Fields.

# COUNT 1

Defendant Sheila Oubre, Keith Carter, and A. Davis deliberate indifference to the substantial risk of serious harm to prisoners and unsafe prison condition at Baldwin State Prison deprived Marquise Robbins of his rights that constituted the Eighth Amendment to the United States Constitution and the Georgia Constitution Paragraph XVII as well as Georgia State Statutes. (SEE O.C.G.A. 15-16-24, 42-4-1, 42-4-4, 42-4-5, 42-4-33, 42-5-2, 42-5-39, 42-5-58, 1-2-6).

# COUNT 2

Defendant Sheila Oubre, and Sebrina Grant deliberate indifference to the substantial risk of serious harm to prisoners and unsafe prison condition at Baldwin State Prison deprived ~~[redacted]~~ Robert Dennis of his rights that constituted the Eighth Amendment to the United States Constitution and the Georgia Constitution Paragraph XVII as well as Georgia State Statutes. (SEE O.C.G.A. 15-16-24, 42-4-1, 42-4-4, 42-4-5, 42-4-33, 42-5-2, 42-5-39, 42-5-58, 1-2-6).

This action is being brought upon all defendants in his/her individual capacity.

(ATTACHMENT CONTINUED OF #14 WITNESSES OF INCIDENTS)

FELICIA GARCIA ALSO WAS HARASSED BY PRISONER'S WHO ATTACKED MARQUISE ROBBINS BY CONTINUOUSLY CALLING HER CELLPHONE TRYING TO RECIEVE MONEY. FELICIA GARCIA ADDRESS IS 1519 DEL MONTE TRL, S.W. ALBUQUERQUE, NEW MEXICO 87121. TIFFANY CHRISTMAS WAS ALSO SENT PICTURES TO HER CELL PHONE OF MARQUISE ROBBINS ATTACK AND BRUISES AND WAS HARASSED BY THE GANG OF PRISONERS WHO MADE DEATH THREATS TO HER AND 4 YEAR OLD DAUGHTER. TIFFANY CHRISTMAS ADDRESS IS 223 STUYVESANT AVE. 2ND FLOOR, NEWARK, NEW JERSEY 07106. SHAMEAKA ALVIN WAS SENT PICTURES OF MARQUISE ROBBINS ASSAULT AND BRUISES. SHAMEAKA ALVIN ADDRESS IS 205-11 110th AVE, ST. ALBANS, NEW YORK 11412. MALINDA KIRKSEY RECIEVED PICTURES OF ROBERT DENNIS HANDS AND LEGS TIED TOGETHER AND HELD FOR RANSOM BY A GANG OF PRISONER'S. SHE LATER FORWARDED THE PICTURES TO MELISSA REGISTER, THE DIRECTOR OF MENTAL HEALTH AT BALDWIN STATE PRISON. MALINDA KIRKSEY ADDRESS IS 4229 MONCRIEF ROAD W #178 JACKSONVILLE, FLORIDA 32209.

(ATTACHMENT TO #15 PRAYER FOR RELIEF)

4. AWARD PLAINTIFFS TO BE GRANTED RELIEF AND PAID TAX FREE AND IN A LUMPSUM AMOUNT.
5. DECLARE FOR ARREST FOR FELONY CONTEMPT OF COURT IF ANY FORM OF RETALIATION OR PHYSICAL HARM COMMITS AGAINST PLAINTIFFS AND GARNISHMENT OF 30% OUT OF EVERY DEFENDANT CHECK.
6. AWARD PLAINTIFFS THE COST OF THIS LAWSUIT AND REASONABLE ATTORNEY FEES.
7. ORDER SUCH ADDITIONAL RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.