IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARQUISE ROBBINS
Pro'se Petitioner

v.

SHELIA OUBRE, et al
Defendants

CIVIL NO: 5:13-CV-348 (CAR)

42 U.S.C. § 1983

PETITIONER'S OBJECTIONS TO STATE'S DISMISSAL MOTION

NOW COMES PETITIONER WHO FILES THIS OBJECTIONS TO DEFENDANTS DISMISSAL MOTION. IN SUPPORT OF HIS ARGUEMENT, PETITIONER SHOWS THE COURT AS FOLLOWS:

1.

I WAS NEVER SERVED PROPERLY AS OF DEC 18, 2013, BY EITHER STATE ATTORNEY GENERAL OFFICE, OR BY ANY DEFENDANT WITH DISMISSAL NOTICE, AND THIS COURT DID NOT SERVE ME AS WELL. THE LAW SAYS I'M TO BE SERVED PRIOR TO FILEN WITH STATES DISMISSAL MOTION, WHICH LAWS SPECIFICALLY DESCRIBES TO MEAN I'M TO PHYSICALLY HAVE WHAT STATE FILES, IN APPROXIMATELY THE SAME DAY STATE FILES. THIS IS THE LAW BOOKS WORDING (NOT MY OWN) BUT LAW BOOKS SAYS THIS,

By: Marquise Robbins
Pro'se Petitioner

SO STATE'S ADMISSION THAT THEY FILED ANSWER ELECTRONICALLY BEFORE THEY'VE SERVE ME, THEN THEY VIOLATE LETTER OF LAW BY NOT SERVING ME PRIOR. FURTHERMORE, AS OF 12-21-13, I WAS STILL NOT SERVED BY DEFENDANTS OR THE COURT.

2.

STATE'S DISMISSAL MOTION CAN NOT BE HEARD BY THIS COURT DUE TO THEIR UNTIMELY FILEN. DEFENDANTS WERE SERVED IN THE MIDDLE OF OCTOBER, YET DEFENDANTS DIDN'T FILE DISMISSAL UNTIL 2 MONTHS LATER WHEN O.C.G.A. 9-11-55 REQUIRES ANSWERS TO CIVIL SUITS IN THE STATE OF GEORGIA TO BE FILED IN UNDER 30 DAYS. (SEE THIS COURTS DOCKET SHEET IN CLERKS OFFICE FOR PROOF) SO DEFENDANTS IMMUNITY DON'T EXIST IF THEY CAN'T BE HEARD, SO STATE'S IN DEFAULT AND FEDS HAS TO ABIDE BY STATE LAW AS WELL.

3.

28 U.S.C. 2248, SAYS ALL MY CLAIMS ARE TO BE CONSTRUED AS ALREADY PROVEN TRUE WHEN STATE FAILS TO CHALLENGE MY CLAIMS IN TIMELINES JUDGE ORDERS, SINCE OCT 16, 2013 SERVICE. THAT MAKES DEC 18, 2013 UNTIMELY SINCE 68 DAYS IS MOST I'VE EVER HEARD ANY JUDGE ORDERING STATE TO RESPOND.

4.

DEFENDANTS CAN NOT PROVE THEIR ACTIONS WERE DISCRETIONARY, SINCE THERE WEREN'T ANY ACTIONS AT ALL, SO PAGE 12 LAST

2 LINES OF STATE'S DISMISSAL MOTION PROVES PETITIONERS SUIT SHOULD NOT BE DISMISSED.

## 5.

STATE IS ALLUDING TO GUARDS ABANDONING THEIR POST, WHICH IS ALSO FAILURE TO PROTECT WHEN THEY'VE SAID "I DID NOT SAY THEY WERE IN BOOTH WHEN I YELLED AND SCREAMED FOR HELP." BOTH GUARDS ABANDONED THEIR POST AND REFUSAL TO HELP ME IS FAILURE TO PROTECT ME.

## 6.

I SCREAMED FOR HELP AND BANGED ON DOOR FOR HELP, SO THAT ALONE PROVES THEY KNEW OF THE PROBLEM, AND REFUSED TO DO ANYTHING, TO PREVENT MY INJURIES.

## 7.

STATE DOES NOT HAVE IMMUNITY IN THIS SUIT SINCE STATE'S ACTIONS WERE NOT DISCRETIONARY, BUT MANDATORY PROCEDURE UNDER LAW.

## 8.

STATE CREATED DANGER THEORY SUPPORTS ANY CLAIM IN THIS SUIT AS CASE LAW.

## 9.

SPECIAL RELATIONSHIP THEORY SUPPORTS MY CLAIMS IN THIS SUIT AS CASE LAW.

## 10.

I HAVE NOT FAILED TO STATE A CLAIM FOR RELIEF.

## 11.

I DID NOT SAY "GUARDS WERE PERFORMING THEIR JOB DUTIES WHEN I WAS ATTACKED", STATE TWISTED CONTEXT OF MY WORDS, I MEANT THAT GUARDS WERE AT THEIR POST WHEN I WAS ATTACKED, THEIR POST MEANS INSIDE BUILDING CONTROL BOOTH.

## 12.

STATE SAYS "I CAN NOT PROVE GUARDS ILLEGALLY ACTED" BUT I CAN. SECURITY CAMERA'S PROVE IT, SO DOES OTHER INMATES TESTIMONY TOO, AS WELL AS PAST PAPER TRAIL DOCUMENTATION. HELPING ME IS ALSO SUPPOSED TO BE THEIR POST, BUT THEY WEREN'T THERE, THEY WERE JUST PHYSICALLY AT BALDWIN STATE PRISON IS MAINLY WHAT I MEANT.

## 13.

STATE PERSISTS ON BRINGING UP ISSUES IRRELEVANT TO ISSUES IN THIS SUIT BY THEIR STATEMENTS IN PAGE. 15 AND 16, SINCE THEY DON'T APPLY HERE.

## 14.

I'M NOT SUEING DEFENDANT'S FOR SOMETHING STATE HAS IMMUNITY TO.

15.

I'm not sueing guards in context state claims, but I'm sueing individuals who acted under color of law, not the state.

16.

Since state says this federal court don't have jurisdiction to rule on this case, then that also means that state also don't have same federal protections this court can give state then either.

17.

It's unconstitutional for state to be able to have un-waivered rights, when all my rights can be waivered, since that's violation of equal treatment of law, and violates paragraph 2 Declaration of Independence of 1776 of the 13 states, which Georgia was one of those states.

18.

If the state has immunity that cant be waived, then their immunity is waiving my sovereign immunity as I was born a U.S. citizen with numerous un-waiveable rights myself, so any dismissal of this suit would violate my un waived rights.

19.

The state of Georgia constitution did not exist at the time 42 U.S.C. §1983 was made, and my U.S.

CONSTITUTIONAL RIGHTS MADE IN 1776, SUPERSEDE STATE OF GEORGIA'S 1983 CONSTITUTION.

### 20.

THE TRUE DUTIES OF GUARDS ARE TO HELP TORTURE AND KILL PRISONERS, BUT GUARDS TRUE DUTIES ARE NOT WRITTEN IN ANY LAW BOOK, OR IN ANY PRISON RULE BOOK, THEY HAVE UNWRITTEN BEHAVIORS THAT THEY DO EVERYDAY AND ALL IS AGAINST THE LAW.

### 21.

I'VE CLEARLY STATED IN MY COMPLAINT THAT DEFENDANT OUBRE "CONDONED" VIOLENCE IN G BUILDING, DORMITORY 2, AND SHE ALLOWED INMATES TO "PUT OTHER INMATES ON THE DOOR". MEANING SHE ALLOWED PRISONERS TO PHYSICALLY HARM OTHER PRISONER'S, AND FORCE THEM TO LEAVE THE DORMITORY. THIS, AS I SAID IN MY COMPLAINT, MADE THE INMATES FEEL THEY WERE IN CONTROL OF THE DORMITORY, DEFENDANT OUBRE KNEW THIS AND REFUSED TO TAKE CONTROL. THIS IS NOT A "MERE AWARENESS OF INMATES GENERAL PROBLEMATIC NATURE", IT'S A DEPRIVATION OF MY FUNDAMENTAL CONSTITUTIONAL RIGHT. MY COMPLAINT HAS "ALLEGED SUFFICIENT FACTS" TO SUPPORT MY CLAIMS.

### 22.

I OBJECT TO ANY AND ALL SAID IN STATE'S DISMISSAL MOTION IN IT'S ENTIRETY.

WHEREFORE, THE ABOVE AND FOREGOING REASONS, PETITIONER RESPECTFULLY REQUEST THIS COURT TO DISREGARD STATE'S MOTION TO DISMISS IN IT'S ENTIRETY.

RESPECTFULLY SUBMITTED,

Marquise Hoskins #F1000413667
Pro'Se Petitioner