# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MARQUISE ROBBINS, | * | |
| | * | |
| | * | CIVIL ACTION NO.: |
| Plaintiff, | * | 5:13-CV-348-CAR-CHW |
| v. | * | |
| | * | |
| SHELIA OUBRE, KEITH CARTER, | * | |
| A. DAVIS, and SABRENA GRANT, | * | |
| | * | |
| | * | |
| Defendants. | * | |

_____

**DEFENDANTS' OMNIBUS RESPONSE/REPLY TO
PLAINTIFF'S DECEMBER 30, 2013 FILINGS (Docs. 40-46)**
_____

COME NOW, Defendants Shelia Oubre, Keith Carter, and Cager Davis, by and through the Attorney General for the State of Georgia, and respectfully submit this Omnibus Response to Plaintiff's December 30, 2012 filings, showing the Court the following:

**I.    Procedural History and Summary of Allegations**

Plaintiff, Marquise Robbins, filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging that officers at Baldwin State Prison failed to protect him from other inmates, in violation of his rights under the Eighth Amendment to the United States Constitution. (Doc. 1). Specifically, Plaintiff avers that on September 1,

2012, while housed at Baldwin State Prison, Officers Carter and Davis failed to protect him from an assault by a group of other inmates. (Doc. 1 at 5). According to Plaintiff, during the attack he was beaten about his face and body, and was sexually assaulted. (Id.).

Robbins asserts that he filed a grievance with Warden Oubre about the attack, and was told that the charges could not be substantiated and that his grievance was closed. (Id. at 9). In addition, he contends that Oubre is aware of risk to the inmates housed in Building G because of the items recovered during shakedowns—cell phones, knives, and other contraband; however, no steps to implement any surveillance have been taken. (Id.). Plaintiff contends that Oubre's failure to take any action regarding the issues in Building G resulted in the inmates controlling the dorm. (Id). Plaintiff contends that, at all times, Defendants were acting under color of state law. (Id. at 10).

On December 18, 2013, Defendants filed a Pre-Answer Motion to Dismiss, together with a brief in support thereof, seeking dismissal of Plaintiff's Complaint for failure to state a claim and asserting the defense of qualified immunity. (Docs. 35, 35-1). On December 30, 2013, Plaintiff filed numerous motions, including objections to Defendants' Pre-Answer Motion to Dismiss. (Docs. 40-46).

## II. Argument and Citations to Authority

Plaintiff's filings are duplicative; therefore, for ease of reference and analysis, Defendants will group their Responses/Replies according to the assertions contained therein.

### A. "Petitioner's Objections to State's Dismissal Motion" (Doc. 40) and "Petitioner's Motion to Dismiss State's Dismissal due to State's Failure to Serve Petitioner" (Doc. 43).

Plaintiff contends that Defendants failed to timely file and serve him with an Answer or Responsive Pleading so this Court should decline to rule on the Pre-Answer Motion to Dismiss. (Doc. 40 at 1-2; Doc. 43 at 2-3). In support of Plaintiff's argument, Plaintiff cites O.C.G.A. 9-11-55 and 28 U.S.C. § 2248. (Id.). Plaintiff contends that his Complaint should not be dismissed because he did not fail to state a claim, the Defendants are not entitled to immunity, and his rights should be protected. (Doc. 40 at 2-6). Plaintiff also contends that he cannot adequately defend his claims because he cannot access the law library. (Doc. 43 at 3).

As an initial matter, Plaintiff filed his lawsuit in the United States District Court, Middle District of Georgia. (Doc. 1), Therefore, the proceedings in this action are governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1. Thus, O.C.G.A. 9-11-55, which relates to default judgments under Georgia State law, is

inapplicable to these proceedings. Further, 28 U.S.C. § 2248 applies to habeas proceedings, not § 1983 actions, and is likewise not relevant to these proceedings.

Pursuant to Fed.R.Civ.P. 12(a)(1)(A)(ii) the time for serving a responsive pleading, if a party has timely waived service under Rule 4(d)[1], is 60 days after the request for waiver was sent. Fed.R.Civ.P. 12(a)(1)(A)(ii). Here, the U.S. Marshall mailed the Process Receipt and Return to Defendants on October 21, 2013. (Doc. 8). Defendants executed and returned Waivers of Service of Summons to the U.S. Marshall on November 6, 2013. (Docs. 21-23). Therefore, Defendants had sixty days, or until December 20, 2013, to file their responsive pleading with the Court. Defendants, filed their responsive pleading with the Court on December 18, 2013, and mailed a copy of same to Plaintiff. Thus, Defendants response was timely filed.[2]

The remainder of Plaintiff's filing fails to address the arguments made by Defendants in their Pre-Answer Motion to Dismiss. To the contrary, the arguments are either restatements of the allegations in his complaint or conclusory statements. (Doc. 40 at 2-6). Therefore, Defendants rely on the arguments advanced in the brief in support of their Pre-Answer Motion to Dismiss. (Doc. 35-1).

---

[1] Fed.R.Civ.P. 4(d) provides that the notice and request must give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver. Fed.R.Civ.P. 4(d)(F).
[2] Fed.R.Civ.P. 5(b)(2)(C) provides that service is achieved by mailing the document to the parties last known address—in which case service is complete by mailing same.

With regard to Plaintiff's assertion regarding access to the law library (doc. 43 at 3), Defendants object to Plaintiff's attempt to Amend his Complaint to include an access to court's claim in his "Petitioner's Motion to Dismiss State's Dismissal due to States Failure to Serve Petitioner." See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that a plaintiff cannot amend a complaint through a brief).

B. **"Petitioners Objections to State's Motion to Stay Proceedings" (Doc. 41) and "Motion to Reverse Rulen on State's Stay Proceedings Motion" (Doc. 42).**

Both of Plaintiff's filings assert that he was not timely served with Defendants Motion to Stay, and, therefore, this Court should not stay the proceedings in this case. (Docs. 41, 42). In addition, Plaintiff contends that, because he was not timely served with Defendants' motion to dismiss, it is not in the interest of justice to stay the proceedings. (Doc. 42 at 3).

As argued above, the Pre-Answer Motion to Dismiss was timely filed and served upon the Plaintiff. Defendant filed the Motion to Stay proceedings simultaneous with the Pre-Answer Motion to Dismiss. (Docs. 36, 36-1). The Motion to Stay was filed with the Court the same day it was mailed to Plaintiff. Thus, it was timely served on Plaintiff and this Court's order granting same should remain.

## C. "Motion to Open Default" (Doc. 44) and "Motion to Grant Petitioner's Complaint due to State's Failure to Challenge" (Doc. 45).

Plaintiff seeks a default against Defendants for failing to timely file an Answer or Responsive Pleading. (Doc. 44). In addition, Plaintiff seeks an order from this Court granting all claims asserted in his Complaint because Defendants failed to timely respond to same. (Doc. 45). For the reasons argued above, Plaintiff's Motions are due to be denied.

## D. "Petitioners Objections to Order Denying Motion to Request Baldwin State Employee Roster" (Doc. 46).

Prior to any answer or responsive pleading being filed by Defendant, Plaintiff filed a motion requesting a roster of all Baldwin State Employees. (Doc. 31). According to the motion, Plaintiff needed this information to determine the names of potential witnesses for his lawsuit. (Id.). On December 17, 2013, this Court denied same as premature. (Doc. 34). Plaintiff has filed objections. (Doc. 46). Although Defendants have now filed a responsive pleading, Defendants have also filed a Motion to Stay Proceedings, which this Court granted. (Docs. 36, 39). Thus, although now for different reasons, Plaintiff's motion remains premature and this Court should overrule Plaintiff's objections to same.

## III. Conclusion

For the foregoing reasons, and those arguments advanced in Defendants Pre-Answer Motion to Dismiss, Plaintiff's claims against Defendants should be dismissed.

Respectfully submitted this 8th day of January, 2014.

        SAMUEL S. OLENS   551540
        Attorney General

        KATHLEEN M. PACIOUS  558555
        Deputy Attorney General

        /s/ Devon Orland
        DEVON ORLAND   554301
        Senior Assistant Attorney General

        /s/ Elizabeth M. Crowder
        ELIZABETH M. CROWDER  100809
        Assistant Attorney General

Please Address All
Communications To:

ELIZABETH M. CROWDER
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
Facsimile: (404) 651-5304
Email: ecrowder@law.ga.gov

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014, I electronically filed the foregoing **DEFENDANTS' OMNIBUS RESPONSE/REPLY TO PLAINTIFF'S DECEMBER 30, 2013 FILINGS (DOCS. 40-46)** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**NONE**

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Marquise Robbins
GDC ID 1000413667
Baldwin State Prison
PO Box 218
Hardwick, GA 31034

                              /s/ Elizabeth M. Crowder
                              Georgia Bar No.: 100809
                              Assistant Attorney General

Please Address All
Communications To:
ELIZABETH M. CROWDER
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 463-8850
Facsimile: (404) 651-5304
Email: ecrowder@law.ga.gov