**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MARQUISE ROBBINS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No: 5:13-cv-348 (CAR)** |
| | : | |
| **SHEILA OUBRE,** *et al.*, | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |

## RECOMMENDATION

Before the Court is the Pre-Answer Motion to Dismiss filed by Defendants Warden Sheila Oubre, Officer Keith Carter, and Officer Cager Davis. Doc. 35. In the Motion, Defendants principally argue that Plaintiff Marquise Robbins' failure to protect claim should be dismissed because of failure to state a claim and qualified immunity. Id. For the reasons stated below, it is **RECOMMENDED** that Defendants' Pre-Answer Motion to Dismiss be **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2013, Plaintiff Marquise Robbins, an inmate presently confined at Baldwin State Prison, filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants Warden Sheila Oubre, Officer Keith Carter, Officer Cager Davis, and Counselor Sebrina Grant. Doc. 1. Plaintiff also listed Robert Dennis, another inmate confined at Baldwin State Prison, as an additional Plaintiff in the above-styled case. Id.

According to the complaint, on September 1, 2012, Plaintiff was attacked by other inmates in Dormitory 2 of Building G at Baldwin State Prison. Doc. 1 at 5. During the attack, other inmates used their hands and feet to strike Plaintiff's face and body, sodomized Plaintiff with a broomstick, and poured scalding water on Plaintiff's genitals and inner thighs while his hands and feet were bound. Id. As a result, Plaintiff suffered from pain, severe burns, an unspecified anal injury, and

lacerations to his face and body, and both of his eyes were swollen shut, all of which required medical care and hospitalization. Id. at 5, 7.

Plaintiff alleges that he "made every attempt to warn" Officer Carter and Officer Davis, who were the duty officers assigned to Dormitory 2 of Building G at the time of the attack, that he feared for his life. Doc. 1 at 7. In addition, both Officer Carter and Officer Davis were aware that Dormitory 2 of Building G was known for incidents of violence between inmates. Id. Prior to the attack, Plaintiff "felt a bad vibe and ran to the exit doorway and started to bang on the plexiglass door screaming for help." Id. Banging on the door for help was the only way that inmates could get the attention of the duty officers. Id. After Plaintiff failed to get Officer Carter and Officer Davis to intervene, other inmates grabbed Plaintiff from behind and carried him to an upper level bathroom where the attack occurred. Id. Although Plaintiff continuously screamed for help, Officer Carter and Officer Davis failed to assist Plaintiff or to conduct any security rounds during the attack, which lasted between thirty and sixty minutes. Id. at 8. After the attack, two inmates escorted Plaintiff to the exit doorway because Plaintiff's eyes were swollen shut. Id. Officer Carter and Officer Davis sat Plaintiff in a storage closet until a medical escort arrived. Id.

Plaintiff also alleged that Warden Oubre was aware of the unacceptable risk of harm of violence between inmates in Dormitory 2 of Building G based on frequent shakedowns, which led to the discovery of cellphones, knives, and other forms of contraband, and based on heightened levels of violence between inmates, most of whom were "close security" inmates. Doc. 1 at 9. In addition, Plaintiff once overheard Warden Oubre tell the inmates in Dormitory 2 of Building G that "whoever the prisoners felt shouldn't be in the dormitory or feels [sic] is causing confrontation in the dorm—to put them on the door, but don't stab them." Id. This statement by Warden Oubre allegedly demonstrated her willingness to allow the inmates in Dormitory 2 of Building G to

monitor and control each other with violence. Id. After the attack, Plaintiff filed a grievance informing Warden Oubre about the harms he had suffered, but Warden Oubre responded that Plaintiff's charges could not be substantiated and that the grievance should be closed. Id.

Based on these factual allegations, Plaintiff sued the four named Defendants in their individual capacities only. Doc. 1 at 15. In relief, Plaintiff sought declaratory relief, monetary damages, and any additional relief that the Court deemed appropriate. Id. at 6, 16. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court filed an order and recommendation, which concluded that Plaintiff had stated a cognizable failure to protect claim against Warden Oubre, Officer Carter, and Officer Davis. Doc. 6. Even so, the Court recommended that Robert Dennis not be added as an additional Plaintiff to this case and that Counselor Grant be dismissed as a named Defendant. Id. After receiving no objections, the Court adopted the recommendation. Doc. 26.

Warden Oubre, Officer Carter, and Officer Davis subsequently filed their Pre-Answer Motion to Dismiss. Doc. 35. Plaintiff responded to the Pre-Answer Motion to Dismiss by alleging additional facts not contained in his complaint.[1] Docs. 40, 57. For example, Plaintiff alleged that Warden Oubre explicitly condoned violence between inmates in Dormitory 2 of Building G and that her statement about "putting inmates on the door" evidenced her willingness to allow inmates to physically harm one another in an effort to force some inmates out of Dormitory 2. Doc. 40 at 6. Similarly, Plaintiff alleged that both Officer Carter and Officer Davis were in their office when

---

[1] Although not properly styled as motions to amend his complaint, Plaintiff's responses, in substance, attempt to plead additional factual allegations to support his failure to protect claim. In light of Plaintiff's pro se status, the Court construes these pleadings as motions to amend, and the Court further finds that the amendments shall be permitted because doing so would not cause undue delay in these proceedings and would not cause undue prejudice to Defendants. See Newsome v. Chatham County Detention Center, 256 Fed. Appx. 342, 344 (11th Cir. 2007) (when pro se plaintiffs raise additional allegations in their filings, these allegations should be construed as motions to amend the complaint, and the motions should be granted); see also Butts v. Georgia State Patrol Division, 2011 WL 5597258 at *1 (M.D. Ga. 2011) (construing response to the defendant's motion to dismiss as a motion to amend, granting the motion to amend, and considering the additional factual allegations when evaluating the motion to dismiss).

Plaintiff warned them about the impending attack by banging on the door. Doc. 57 at 4. Plaintiff further alleged that Officer Carter and Officer Davis heard him banging on the door and screaming for help when Plaintiff was only "paces" from their office and that Officer Carter and Officer Davis nevertheless "refused to rescue me from my attackers." Id. at 5.

DISCUSSION

Because Plaintiff states a cognizable failure to protect claim upon which relief may be granted, and because Warden Oubre, Officer Carter, and Officer Davis have not demonstrated that they are entitled to qualified immunity at this early stage in the proceedings, the Court should deny Defendants' Pre-Answer Motion to Dismiss.

A.    Failure to State a Claim

    1.  *Applicable Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a

4

complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

   2.  *Plaintiff's Failure to Protect Claim*

   Under the Eighth Amendment, a prison official may not inflict cruel and unusual punishment, which includes a prison official's duty to protect an inmate from violence at the hands of other inmates. Purcell v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005). Although "prison officials have a duty [...] to protect prisoners from violence at the hands of other prisoners," not every instance of violence "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 833-834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828. To state a cognizable failure to protect claim under the Eighth Amendment, the prisoner must establish: (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013). "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

   In this case, Warden Oubre, Officer Carter, and Officer Davis do not contest whether Plaintiff has alleged facts sufficient to satisfy the first and third components of his failure to protect claim. As a result, the Court's inquiry is limited to whether Plaintiff has alleged facts sufficient to satisfy the second component, namely each individual Defendant's alleged deliberate indifference

to a known, substantial risk of serious harm to Plaintiff.[2] "To be deliberately indifferent, a prison official must know of and disregard 'an excessive risk to inmate health or safety; [that is,] the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Purcell, 400 F.3d at 1319-1320, quoting Farmer, 511 U.S. at 837.

Plaintiff's pleadings, liberally construed and accepted as true, allege sufficient factual content for Plaintiff to avoid dismissal at this stage of the proceedings. As to Officer Carter and Officer Davis, Plaintiff pleads sufficiently specific facts to support his allegation that both Officer Carter and Officer Davis were "aware of specific facts from which an inference could be drawn" that Plaintiff faced a substantial risk of serious harm from violence at the hands of other inmates in Dormitory 2 on September 1, 2012, and to support his allegation that Officer Carter and Officer Davis "drew that inference," having heard Plaintiff's pleas for help immediately prior to the attack and having failed to intervene. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Likewise, as to Warden Oubre, Plaintiff alleges sufficiently specific facts to support the inference that a causal connection exists between the actions or inaction of Warden Oubre and the constitutional deprivation suffered by Plaintiff. See Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007), quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (explaining that a supervisory official is liable only "'when the supervisor personally participates in the alleged constitutional violation or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation.'").

---

[2] To bolster their arguments for dismissal, Defendants rely upon Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003) and Goodman v. Kimbrough, 718 F.3d 1325 (11th Cir. 2013). Because both of these cases were resolved at the summary judgment stage, they are instructive, but not controlling, on the issue of whether Plaintiff has set forth sufficient factual allegations, when accepted as true, to state a plausible claim for relief at the pleadings stage.

As such, the factual allegations in the complaint and the motions to amend, accepted as true and construed in the light most favorable to Plaintiff, set forth "sufficient factual matter" to state a failure to protect claim against Warden Oubre, Officer Carter, and Officer Davis that is "plausible on its face." Iqbal, 556 U.S. at 678.

B.     Qualified Immunity

Warden Oubre, Officer Carter, and Officer Davis also raise the defense of qualified immunity. It is apparent that Warden Oubre, Officer Carter, and Officer Davis were acting in their discretionary authority as it relates to their specific job functions at Baldwin State Prison during the pertinent period. See Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) ("In order to receive qualified immunity, [a] public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred") (internal quotations omitted). As a result, the burden shifts to Plaintiff to show that qualified immunity is not appropriate. Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure and the defense of qualified immunity are intertwined at the pleadings stage such that "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." Kyle K. v. Chapman, 208 F.3d 940, 942 (11th Cir. 2000), citing Williams v. Alabama State University, 102 F.3d 1179, 1182 (11th Cir. 1997).

As noted above, a failure to protect claim under the Eighth Amendment requires a showing that prison officials acted with "deliberate indifference." Deliberate indifference has an objective and a subjective element. The objective element requires a showing that there was "an objectively substantial risk of serious harm to prisoners." Marsh v. Butler County, Ala., 268 F.3d 1014, 1028-1029 (11th Cir. 2001). The subjective element requires a showing both that the prison

7

official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the official did in fact draw that inference. <u>Farmer</u>, 511 U.S. at 837.

The facts as stated in the pleadings are sufficient to state a plausible claim of objective risk and subjective knowledge of that risk. Plaintiff alleges that Officer Carter and Officer Davis were present immediately prior to and at the time Plaintiff was being attacked and that Officer Carter and Officer Davis failed to intervene or take measures to protect him. Plaintiff also alleges that Warden Oubre made statements indicating that she was aware of the high risk of violence in Dormitory 2 and that she refused to take reasonable steps to prevent such violence, preferring instead to allow the inmates to police themselves. These allegations are accepted as true and construed in the light most favorable to Plaintiff. Because the pleadings adequately allege a subjective knowledge and disregard of an objectively serious risk with regard to Warden Oubre, Officer Carter, and Officer Davis, Plaintiff has satisfied his burden of showing that qualified immunity is inappropriate at this early stage in the proceedings.

<u>CONCLUSION</u>

Because Plaintiff states a cognizable failure to protect claim upon which relief may be granted, and because Defendants have not demonstrated that they are entitled to qualified immunity at this time, it is hereby **RECOMMENDED** that Defendants' Pre-Answer Motion to Dismiss (Docs. 35) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of May, 2014.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge