IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, : | |
| : | |
| Plaintiff, : | |
| v.   : | |
| : | No. 5:13-CV-348 (CAR) |
| SHEILA OUBRE, KEITH CARTER, : | |
| A. DAVIS, and SABRENA GRANT, : | |
| : | |
| Defendants. : | |
| _____ : | |

### ORDER ON THE RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 70] to deny the Pre-Answer Motion to Dismiss [Doc. 35] filed by Defendants Warden Sheila Oubre, Officer Keith Carter, and Officer Cager Davis. Defendants filed a timely Objection [Doc. 72] to the Recommendation. Having fully considered the Objection and investigated those matters *de novo*, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

In their Objection, Defendants argue the Magistrate Judge erred in various ways by construing Plaintiff Marquise Robbins' "Objections to State's Dismissal Motion" and "Supplemental Response to Defendant's Brief and Pre-Answer Motion to Dismiss Petitioner's Complaint" as motions to amend the Complaint and relying on the factual

allegations therein to recommend denial of Defendants' Motion to Dismiss.  The Court discusses each of Defendants' specific arguments in turn below.

First, Defendants contend the Magistrate Judge erred by construing Plaintiff's responses as motions to amend because Plaintiff did not intend for his responses to be motions to amend.  Defendants point out that Plaintiff previously filed another document in this case which he titled as a motion to amend; therefore, if Plaintiff had intended to amend his Complaint, he would have labeled his responses as motions to amend.  Nevertheless, construing Plaintiff's briefs liberally as the Court must for *pro se* filings,[1] it is clear that Plaintiff's response briefs contain additional facts beyond those alleged in the original Complaint.  Although Plaintiff did not title his responses as motions to amend, the Court should look beyond the title of a document in order to properly analyze its substance.[2]  Having done so here, it is clear that Plaintiff alleges additional facts in his response briefs to support his failure to protect claim, thus, supporting the Magistrate Judge's decision to construe his responses as motions to amend.

Second, Defendants argue the Magistrate Judge erred by allowing Plaintiff to amend his Complaint through response briefs.  In support of this argument, Defendants

---

[1] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[2] *See Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (holding that district court properly construed plaintiff's 42 U.S.C. § 1983 complaint as a petition for writ of habeas corpus); *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1302 (11th Cir. 2002) (holding that although petitioner "artfully" labeled his 42 U.S.C. § 1983 claim, it was subject to the same limitations placed on second or successive habeas petitions).

cite to *Gilmour v. Gates, McDonald & Company*[3] in which the Eleventh Circuit held that a plaintiff could not amend her complaint to assert a new claim in response to a motion for summary judgment.[4] Defendants' reliance on *Gilmour*, however, is misplaced for several reasons. Unlike *Gilmour*, Plaintiff in this case does not raise an entirely new claim in his responses; rather, he alleges more facts to support the same failure to protect claim previously asserted in his Complaint. Therefore, the lack of notice problem in *Gilmour* is completely absent here.[5] Additionally, the plaintiff in *Gilmour* was represented by counsel, and, consequently, the court was under no obligation to liberally construe her response as a motion to amend.[6] In fact, construing additional facts in *pro se* responses to motions to dismiss as motions to amend is consistent with the accepted practice in this Circuit.[7] Finally, the plaintiff in *Gilmour* sought to assert a new claim at the summary judgment stage after the commencement of discovery.[8] Here, discovery has not yet begun and has been stayed pending a ruling on Defendants' Motion to Dismiss. Because discovery has not commenced, Defendants will not suffer prejudice by allowing Plaintiff to amend his Complaint at such an early stage in the litigation.

---

[3] 382 F.3d 1312 (11th Cir. 2004).
[4] *Id.* at 1314-15.
[5] *Thomas v. Humphrey*, 5:13-CV-108 MTT, 2014 WL 1056699, at *1 n.3 (M.D. Ga. Mar. 19, 2014).
[6] *Rule v. Chase Home Fin. LLC*, 3:11-CV-146 CAR, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012) ("Plaintiff is not proceeding *pro se,* and therefore this Court is under no obligation to construe these additional allegations as a motion to amend the Complaint.").
[7] *See, e.g.*, *McCroan v. Morgan*, 4:13-CV-370-MW/GRJ, 2014 WL 1572690, at *5 (N.D. Fla. Apr. 16, 2014); *Thomas*, 2014 WL 1056699, at *1 n.3; *Butts v. Ga. State Patrol Div.*, 4:11-CV-60 CDL, 2011 WL 5597258, at *1 (M.D. Ga. Nov. 17, 2011); *Kalpak v. EMC Mortgage Corp.*, 3:11-CV-49 CAR, 2011 WL 2711182, at *4 (M.D. Ga. July 13, 2011).
[8] 382 F.3d at 1314.

Finally, Defendants argue the Magistrate Judge erred in considering the allegations in Plaintiff's "Supplemental Response to Defendant's Brief and Pre-Answer Motion to Dismiss" because it was (1) untimely and (2) a sur-reply for which Plaintiff did not seek permission to file.[9] The Court, however, has discretion to consider the merits of untimely responses[10] and sur-replies.[11] The Court acknowledges that sur-replies are not favored and "should generally only be allowed when a valid reason for such additional briefing exists."[12] Nevertheless, in light of Plaintiff's *pro se* status and the fact that the supplemental response alleges facts which arguably support his failure to protect claim, the Magistrate Judge did not abuse his discretion by considering it.

Based on the foregoing, the Recommendation [Doc. 70] is **ADOPTED and MADE THE ORDER OF THE COURT**. Defendants' Pre-Answer Motion to Dismiss [Doc. 35] is **DENIED**.

**SO ORDERED,** this 18th day of August, 2014.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT

ADP

---

[9] *See* Local Rule 7.3.1(c) ("A party desiring to file a sur-reply must move in writing for permission to do so within fourteen (14) days of the filing of the brief to which reply is desired[.]").
[10] *Craven v. United States*, 70 F. Supp. 2d 1323, 1328 (N.D. Ga. 1999), *aff'd*, 215 F.3d 1201 (11th Cir. 2000) (citing *McLaughlin v. LaGrange,* 662 F.2d 1385, 1387-88 (11th Cir. 1981)).
[11] *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).
[12] *Id.* (internal quotation marks and citation omitted); Local Rule 7.3.1(b).