RECEIVED
CLERK'S OFFICE
2013 DEC -3 AM 9:02
U.S. DISTRICT COURT
MIDDLE DISTRICT GA.
MACON, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, PLAINTIFF, | CIVIL NO. 5:13-CV-348-CAR-CHW |
| V. | 42 U.S.C. §1983 PROCEEDINGS |
| SHELIA OUBRE, et al. DEFENDANT. | |

## MOTION TO SUPPLEMENT AND INCLUDE NEW DEFENDANT DUE TO NEWLY OBTAINED INFORMATION THROUGH DISCLOSURE OF DISCOVERY

COMES NOW, PLAINTIFF MARQUISE ROBBINS SUBMITS THIS MOTION TO SUPPLEMENT AND INCLUDE NEW DEFENDANT DUE TO NEWLY OBTAINED INFORMATION THROUGH DISCLOSURE OF DISCOVERY. IN SUPPORT PLAINTIFF SHOWS THE FOLLOWING:

1. PLAINTIFF ONLY INCLUDES THOSE WHO CAN BE REASONABLY BE SAID TO HAVE CAUSED HIM TO BE SUBJECTED TO A VIOLATION OF HARM, WHICH IS WELL GROUNDED IN FACT AND WARRANTED BY LAW. RULE 11, Fed. R. Civ. P.

2. PLAINTIFF HAS TRUTHFULLY STATED IN HIS COMPLAINT A RATIONAL BASIS FOR INCLUDING EACH DEFENDANT THAT WOULD PERMIT HIM TO OBTAIN A JUDGEMENT AGAINST THEM IF HIS ASSERTIONS ARE PROVED. THIS STANDARD CAN BE MET BY A REASONABLE EXPECTATION THAT EVIDENCE TO THAT EFFECT WILL BE OBTAINED IN DISCOVERY. BELL ATLANTIC CORP V. TWOMBLY, 550 U.S.

544, 545, 127 S.Ct. 1955 (2007).

3. New information is presented to the court that is relevant to Plaintiff's litigation. Rule 60(b) Fed. R. Civ. P. Thus, Plaintiff has diligently moved to compel discovery and evidence defendants have not produced. See, e.g., Waul v. Coughlin, 177 F.R.D. 173, 176-78 (S.D.N.Y. 1997) (new trial denied in part because plaintiff failed to exercise due diligence in moving to compel discovery or otherwise pursuing evidence defendants did not produce), reconsideration denied, 1998 WL 295481 (S.D.N.Y., June 4, 1998).

4. Plaintiff would like to include the Dept of Corrections, Commissioner, Brian Owens, as a defendant to this litigation herein due to the following information:...
On 8-12-10, Plaintiff entered into a plea agreement with the Fulton County District Attorney's Office. The terms of the plea agreement required the state to advise the Dept of Corrections about the substantial assistance Plaintiff provided the state during the course of Plaintiff's criminal case. Along with writing a letter to the Board of Pardon and Paroles assuring that the District Attorney's Office will not oppose parole if Plaintiff is considered. On 10-29-10, Plaintiff testified against (8) other co-defendants, which the state believes Plaintiff's testimony substantially assisted them with securing convictions of members of one of the most dangerous, and notorious criminal street gangs in the city of Atlanta. This testimony sealed the deal between the Plaintiff and the state. The Dept of Corrections were notified and advised that Plaintiff was a high-

security informant that would be a target for gangs. Within hours of being turned over into the Dept of Corrections custody on December 7, 2010, Plaintiff was attacked and beaten by a gang of inmates in "A" House Dormitory. Plaintiff informed his mother of this attack by other inmate's, and how he feared for his life. Plaintiff Mother wrote Brian Owens certified letters requesting for the Commissioner to help the Plaintiff. No response, nor administrative action was taken after the reciept of these letter's. Plaintiff Mother consistently called and spoke with then Senior Asst. District Attorney, Eleanor Ross, now Judge Eleanor Ross, about Plaintiff's safety. Ms. Ross informed Plaintiff's Mother that Plaintiff was supposed to be placed in protective custody by the Dept of Corrections. Plaintiff's Mother also pleaded with Plaintiff's Ex-Attorney, Brian Steel to try, and consult with the Commissioner about the extreme circumstances of Plaintiff's incarceration. Plaintiff suffered repeated attacks from other inmates due to his assistance provided to the state in gang-related prosecutions, which he was consistently placed in the general population afterwards. The Commissioner knew that after the Atlanta District Attorney's office notified, and advised about Plaintiff's highly publicized criminal case, and testimony that Plaintiff would be considered a high-security informant, and a "snitch" who will need unusual custody, care, treatment, and rehabilitation. See, e.g. Gullate v. Potts, 654 F.2d 1007, 1013 (5th Cir. 1981)(prison official liable if knew or should have known that danger posed to "snitch" placed in general population and did not take reasonable steps to protect prisoner from danger. (Binding precedent under Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc)).

③

The Commissioner also knew that Plaintiff could not be housed in any Georgia State Institution, General Population, without serious risks of harm posing the Plaintiff, which the placement of any inmate in any Georgia Institution or other Jurisdiction is solely at the discretion of the Commissioner. See Rules of Board of Corrections, 125-2-4.18. By failing to screen Plaintiff's highly publicized criminal case, and gang-involvement, which made him a "Gang-Target", placed Plaintiff's life in jeopardy in a prison enviornment not in the best interest of Plaintiff's well-being. See Walsh v. Mellas, 837 F.2d 789, 797-98 (7th Cir. 1987) ("Failure of prison authorities to even review an inmate's file to determine his or her proclivity for violence and/or whether they are a gang-target in the face of gang-related threats and violence manifest utter disregard for the value of human life... This we will not condone, for in America we respect the sanctity of human life, including those confined in penal institutions.") As a result of Commissioner, Brian Owens placement of Plaintiff in an unreasonably unsafe prison enviornment that subjected Plaintiff to a "substantial risk of harm," although not intended to do harm, was so likely to produce injury that the harm can be characterized as substantially certain to result." Gullate v. Potts, 654 F.2d at.1014 citing Bogard v. Cook, 586 F.2d 399 (5th Cir. 1978), cert. denied, 444 U.S. 883, 100 S.Ct.173, 62 L.Ed.2d 113 (1979).

WHEREFORE PLAINTIFF MOVE THIS COURT TO CONSIDER THE NEWLY OBTAINED INFORMATION ASSERTED HEREIN, AND INCLUDE COMMISSIONER BRIAN OWENS AS A DEFENDANT IN THIS SAID CASE.

RESPECTFULLY SUBMITTED THIS 25th day of NOVEMBER, 2014.

*Marquise Robbins*, Pro'se

GEORGIA STATE PRISON
300 FIRST AVE, SOUTH
REIDSVILLE, GA 30453