IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 5:13-cv-348-CAR-CHW |
| SHELIA OUBRE, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT AND INCLUDE NEW DEFENDANT DUE TO NEWLY OBTAINED INFORMATION THROUGH DISCLOSURE OF DISCOVERY**
_____

COME NOW Defendants Sheila Oubre, Keith Carter and Cager Davis by and through counsel Samuel S. Olens, the Attorney General for the State of Georgia, and file this Response in Opposition to "Plaintiff's Motion to Supplement and Include New Defendant Due to Newly Obtained Information Through Disclosure of Discovery," construed by Defendants as a Motion to Amend, showing the Court as follows:

Plaintiff seeks to supplement his complaint, filed pursuant to 42 U.S.C. § 1983, to include a new defendant based upon allegedly newly discovered information that he obtained through discovery in this action. (Doc. 99). Although not completely clear, it appears that Plaintiff wishes to supplement his complaint to include a claim against Brian Owens, Commissioner of the Georgia Department of Corrections for failing to protect him from harm. (*Id.*). According to Plaintiff's motion, in 2010 Plaintiff assisted the Fulton County prosecutor by testifying against

some high ranking gang members. (*Id.*). In exchange for his testimony, the prosecutor was supposed to convey to the Georgia Department of Corrections his assistance, and the need for protection within the Department of Corrections. (*Id.*). Presumably, Plaintiff contends that this information was conveyed, and disregarded by Commissioner Owens. (*Id.*).

As an initial matter, Plaintiff does not explain how a plea agreement entered into by him in 2010 is "newly discovered" or why he failed to include this claim in his initial complaint. Further, Plaintiff does not state the rule under which he seeks to supplement his complaint. Accordingly, Defendants assume Plaintiff seeks leave to Amend his Complaint, pursuant to Fed.R.Civ.P. 15. Plaintiff's motion is due to be denied.

> In relevant part, Rule 15 provides:
>
>> Rule 15. Amended and Supplemental Pleadings:
>>
>> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> Furthermore, it is well settled that:
>
> Amendments are generally permitted where there is an: absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . .

*Foman v. Davis*, 371 U.S. 178, 182 (1962). That being said, "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008). Here, the proposed

amendments are futile, and therefore denial of the Motion to Amend is proper. *Id.*; *Accord Hall v. United Ins. Co. of Am.*, 367 F. 3d 1255, 1262-63 (11th Cir. 2004); *Thomas v. Cockrell*, 510 F. 3d 1307, 1310 (11th Cir. 2007). An amendment is futile where "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Thomas*, 510 F. 3d at 1310 (citing Hall, 367 F. 3d at 1263).

Plaintiff's construed failure to protect claim against Commissioner Owens is premised on a presumed failure to ensure his safety within the Department, and an alleged attack which occurred in December 2010. (Doc. 99 at 4). Claims brought pursuant to 42 U.S.C. § 1983 are subject to Georgia's two year statute of limitations period for personal injury actions. O.C.G.A. § 9-3-33. *See Wilson v. Garcia*, 471 U.S. 261, 279-280 (1985) (applying that state's statute of limitations for personal injury actions to §1983 actions). *See also, Thigpen v. Bibb County*, 223 F.3d 1231, 1243 (11th Cir. 2000); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). While state law governs the length of the statute of limitations period, and any tolling rules, federal law governs the "accrual date of a § 1983 cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual for a § 1983 action occurs "'when the plaintiff has a complete and present cause of action.'" *Id.* (*quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In other words, the statute of limitations begins to run when the wrongful act or omission results in damages, even though the full extent of the injury is not then known or predictable. *Wallace*, 549 U.S. at 391. Here the statute of limitations period expired on December 6, 2012. This lawsuit was filed on September 16, 2013. (Doc. 1). Accordingly, any claim Plaintiff seeks to assert against Commissioner Owens is otherwise barred by the applicable statute of limitations.

Because Defendants filed an answer in this action on August 29, 2014, Plaintiff cannot amend his complaint under Fed.R.Civ.P. (a)(1)(A). Further, as discussed above, permitting Plaintiff to amend his complaint under Fed.R.Civ.P. 15(a)(1)(B) to include a claim that is otherwise barred by the statute of limitations would be futile.

For the foregoing reasons, Defendants pray that this Court enter an order denying Plaintiff's Motion to Amend.

Respectfully submitted, this 18th day of December, 2014.

| | |
|---|---|
| | SAMUEL S. OLENS  551540 |
| | Attorney General |
| | |
| | KATHLEEN M. PACIOUS  558555 |
| Please Address All | Deputy Attorney General |
| Communications To: | |
| | DEVON ORLAND  554301 |
| Elizabeth M. Crowder | Senior Assistant Attorney General |
| Assistant Attorney General | |
| Department of Law, State of | /s/ Elizabeth M. Crowder |
| Georgia | ELIZABETH M. CROWDER  100809 |
| 40 Capitol Square, S.W. | Assistant Attorney General |
| Atlanta, Georgia 30334-1300 | |
| Telephone: (404) 463-8850 | |
| Facsimile: (404) 651-5304 | |
| E-mail: ecrowder@law.ga.gov | |

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT AND INCLUDE NEW DEFENDANT DUE TO NEWLY OBTAINED INFORMATION THROUGH DISCLOSURE OF DISCOVERY** by depositing a copy thereof, postage prepaid, in the United States Mail properly addressed upon the following:

Marquise Robbins
GDC #1000413667
Georgia State Prison
2164 Ga Hwy 147
Reidsville, GA 30453

This 18th day of December, 2014.

_____
ELIZABETH M. CROWDER 100809
Assistant Attorney General