IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARQUISE ROBBINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-348 (CAR) (CHW) |
| | : | |
| Warden SHEILA OUBRE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON MOTION FOR RECONSIDERATION

Plaintiff Marquise Robbins commenced this Section 1983 action by alleging that Defendants Carter and Davis, Baldwin State Prison officers, failed to protect him from harm at the hands of other inmates. Robbins also alleges that Defendant Oubre, the Baldwin State Prison Warden, routinely permitted inmates in Robbins's dorm to use force upon other inmates.

On May 14, 2015, following a hearing on various pending Motions, the Court granted Defendants' Motion for Extension of Discovery (Docs. 93) and Motions for Extension of the Time to file Dispositive Motions (Docs. 98, 108). The Court also granted Plaintiff's Motion to Compel (Doc. 90) and extended the discovery period until June 29, 2015 for the limited purpose of allowing Plaintiff to discover documents relating to other incidents of inmate-on-inmate violence. The deadline for filing dispositive motions was extended to July 29, 2015. See Doc. 111. After another set of discovery

1

motions, the deadline for dispositive motions was extended to August 17, 2015. Doc. 130.

Now pending before the court are Plaintiff's objections to the July 20, 2015 order construed as a second Motion for Reconsideration. Doc. 132.

As discussed in this Court's previous order denying Plaintiff's Motion for Reconsideration, Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Pursuant to Section 636 of Title 28 of the United States Code:

> [A district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. **A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law**.

28 U.S.C. § 636 (b)(1)(A).

Here, Plaintiff does not demonstrate that the Magistrate Judge's Court's order denying Plaintiff's various discovery motions is clearly erroneous or contrary to law. Plaintiff's Motion simply reargues each issue the Court decided. Although Plaintiff contends that he has yet to receive a copy of his deposition transcript, Defendants in their Response to Plaintiff's Request to Review his Deposition affirm that a copy of the transcript will be delivered to Plaintiff. Doc. 128, p. 2. Further, Defendants have filed a

Motion for Summary Judgment. Doc. 135. Defendants separately filed a Certificate of Need to File Discovery, indicating that a copy of Plaintiff's deposition is also being mailed to him. Doc. 136. Any claim that Plaintiff has yet to receive his deposition will be cured by the service of Defendants' Motion for Summary Judgment and the accompanying deposition transcript. Thus, no grounds exist for reconsideration, and Plaintiff's Motion for Reconsideration (Doc. 132) is **DENIED**.

In light of the fact that Plaintiff has not yet received a copy of his deposition, Plaintiff shall have forty-five (45) days from the date of this order to file his response to Defendants' Motion for Summary Judgment.

**SO ORDERED,** this 26th day of August, 2015.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE